# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 3:03CR198 (RNC)** |
| **PLAINTIFF** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **CARLOS LEBRON,** | : | |
| **DEFENDANT** | : | **October 5, 2005** |

## DEFENDANT CARLOS LEBRON'S MEMORANDUM IN AID OF SENTENCING

## INTRODUCTION

The defendant CARLOS LEBRON comes before the Court having pled guilty on October 2, 2003 to one count of Conspiracy to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 841 and § 846. The defendant's sentencing is currently scheduled for Friday, October 6, 2005 at the United States District Court before the Honorable Robert N. Chatigny, U.S.D.J. The defendant has received and reviewed the presentence report and its addendum so ably prepared by United States Probation Officer Joseph P. Montesi and has no objections to Mr. Montesi's findings or guideline calculations. The following sentencing memorandum is submitted to the Court in order to assist the Court's imposing a just sentence in this case.

## BACKGROUND

Carlos Lebron is currently 47 years of age and has been incarcerated in Rhode Island since his arrest July of 2003. Mr. Lebron, originally from the Dominican Republic,[1] came to the United States at the age of 30 to seek a better life for himself. To support himself and the children that he fathered, Mr. Lebron sought employment in various bodegas, as a tailor for a woman who made wedding dresses, as an apprentice auto-mechanic, and as a stock-boy in a New Haven grocery store. Barely able to subsist on the meager income that he brought home, Mr. Lebron was additionally saddled with a burgeoning drug habit. Initially dabbling in the use of cocaine, he developed a liking and then a dependence on heroin using, prior to his arrest, 5 to 10 bags daily. It was with that weakness of character and spirit that resulted in the defendant became intertwined in the narcotics trafficking with which he stands before the Court.

As the Persistence Report correctly describes, the defendant was involved as a supervisor of the drug trafficking operation of Daisy Sanchez in which he supervised the distribution of heroin onto the streets of New Haven. His involvement is obvious in the

---

[1] The defendant is aware that the Immigration and Naturalization Service (now the Department of Homeland Security) has designated him for removal upon the completion of his sentence. The defendant submits that he will not appeal any removal action and looks forward to resuming a law abiding life in the Dominican Republic.

Title III intercepts and he fully acknowledges that his involvement in the operation involves at least 1 kilo of heroin. He would state as such under oath. In addition, the defendant has prepared a letter of responsibility that reads "…I was a member of a group of people who were involved in the selling of drugs on the streets of New Haven….I regret and feel remorse for having been a member of such group of people….I, myself alone, am responsible for my acts." (See Letter from Jose R. Peralta, dated September 21, 2005 attached hereto).

Needless to say, the defendant has put his time behind bars to good use. Since July of 2003, the defendant has successfully completed several courses of study through the Emmaus Correspondence School. (See Credit Certifications, attached hereto.) The defendant has been a participant and has successfully completed several Substance Abuse and Anger Management educational groups at the Wyatt Detention Facility and has not received a single disciplinary report since his stay began. (See letter from Patrick Toolin, Mr. Lebron's case manager, attached hereto.)   Finally, Mr. Lebron has participated in the inmate workers program as a kitchen worker and has attended weekly religious services.

The defendant believes that these good works are the harbinger of what his life will be like when he is finished with the yoke of his punishment.

Defendant has additionally attached to this memorandum letters in support of the defendant's character and family ties. The defendant hopes the Court reviews these letters and understands that it is not only to the Court that the defendant promises to change his ways, but it is also to those he loves and those he has been taken from that that promise is made.

## GUIDELINE CALCULATION

The defendant has no objection to the findings of Officer Montesi with the exception of a finding that the defendant has, in fact, accepted responsibility. The defendant believes that this position is bolstered by the defendant's prompt plea of guilty, the filings of the government and the letter of acceptance attached hereto.

## LEGAL ARGUMENT

### A. Guideline Application

The Supreme Court's decision in <u>U.S. v. Booker</u>, 125 S.Ct. 738 (2005) (<u>Booker/Fanfan</u>) excised the mandatory nature of the United States Sentencing Guidelines

and returned to the District Court the duty imposed by Section 3553(a), to "consider"
numerous factors in imposing sentences. In pertinent part, Section 3553(a) provides:

> "The court shall impose a sentence sufficient, but not greater than necessary, to
> comply with the purposes set forth in paragraph (2) of this subsection. The court, in
> determining the particular sentence to be imposed, shall consider...

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed
   - A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   - B. to afford adequate deterrence to criminal conduct;
   - C. to protect the public from further crimes of the defendant; and
   - D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for
   - A. the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines....."

The excision of the mandatory aspect of the guidelines has not meant that the
guidelines have been discarded, only that the Court "consider" them along with other factors
listed in § 3553(a), U.S. v. Crosby, D.N. 03-1675 (2d Cir., January 14, 2005), to determine
whether to impose a guideline or non-guideline sentence. The sentencing judge is now

entitled, without fear of Sixth Amendment harm, to find all the facts appropriate for determining either a guideline or non-guideline sentence not greater than necessary to achieve individualized justice.

The Court now has the discretion to consider all of the defendant's individual characteristics. § 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner. Although this directive might conflict with the guidelines, which in most cases offer only prison, it is now a directive no less important than the mandate of "considering" the relevant guidelines.

The defendant submits that a judicial review of the factors enumerated in § 3553(a) warrant the sentence requested below.

## B. Downward Departure

The defendant urges the Court to adopt the filings of the government in this matter. The defendant submits that there exist sufficient grounds to depart downward from the otherwise applicable guideline range and to vitiate any mandatory minimums that the Court might otherwise be duty bound to impose.

## C.  Sentencing Range

The defendant requests this Court to sentence him to 60 months imprisonment.  The defendant makes this request knowing full well, that had the stars not been so aligned, he would be standing before this Court to be sentenced with an estimate release date some 16 to 20 years in the future.  In truth, a sentence in the 60 to 70 month time period would allow the defendant, now 47 years old and desperately trying to cleave himself from the ravages of a narcotics addiction that has dogged him for the last decade, ample opportunity to start a new life, or rather, resume an old one, in the Dominican Republic.  And the defendant, incarcerated at the Wyatt Detention Center since his arrest, want the Court to know that he has already embarked on that new life.

The defendant submits that the interests of society, of law enforcement and of this judicial system will be satisfied were the defendant to be sentenced to 60 months imprisonment with the directive that he complete the Bureau of Prisons 500 hour drug education program.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
CARLOS LEBRON

BY _____

Bruce D. Koffsky, Esq.
Law Offices of Bruce Donald Koffsky
1200 Summer Street
Suite 201B
Stamford, CT  06905
Tel.: 203-327-1500
Fax: 203-327-7660
Federal Bar No.: ct03772

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been sent this 4th day of October, 2005, via U.S. Mail, postage prepaid, to all counsel and pro se parties of record as follows:

AUSA H. Gordon Hall
Office of the United States Attorney
157 Church Street      .
New Haven, CT  06510


U.S.P.O. Joseph P. Montesi
United States Probation
157 Church Street, 22nd Floor
New haven, CT  06510


_____
Bruce D. Koffsky

s:\janice\federal miscellaneous\memorandum in aid of sentencing\lebron memorandum in aid of sentencing.10.4.05.doc

Honorable Robert N. Chatigny.

Your Honor, through this present letter, I want to ask forgiveness to you, and to United States for my harmful behavior, and for the harm coused to society. I was a member of a group of people who were involved in the selling of drugs on the streets of New Haven, Connecticut. Such organization was organized by Daisy Sanches, and of which, I was a member. I regret and feel remorse for having been a member of such group of people. Your Honor since you represent the law under the United States' authority, I ask for forgiveness to all the citizen of the United States through you. I, myself alone, am responsible for my acts. Today, I am a new person for society and for my family. I have six children who depend on my support. I want that God and you will give me the opportunity to finish raising my children. My children are at the age they need me the most. My oldest child is 17 years old, my youngest is two years and three months old. I have four girls and two boys.

I have done a positive change in my life. Now, I know our Lord Jesus Christ. I am fear the Lord, and develop a profound respect for the Law. From now on, I want to be role model for my family and for the wolrd. I recognized that I was and ignorant when I took the path to disgrace to family, especially my children, and to perpectuate harm for society.

I promise to you, I will never act in a harmful way.

THANK YOU VERY MUCH YOUR HONOR FOR YOUR ATTENTION.

Respectfully,

Jose' R. Peralta
Jose R. Peralta

Señor:
Honorable, RobeRt, h. CHATigny
Señor, Juez;
Le escribo esta carta para pedirle, per-
dón, al pueblo de los E.U.S. por todos el-
mal, que le ocasione asu ciudadanas.
Al, yo ser una perzona que fui miem-
bro de una organización, que se de-
dicaba ala venta de droga en las calle-
de new Haven ct. Dicha organización Hern
comandada, por Daisy Sanches
de los cuales yo era Miembros, de los
cual estoy arrepentidos, y le pido perdón
a usted, en el nombre de los E.U.S. estoy
arrepentidos, y solo yo fui el dueño de mi
propio acto, pero Hoy soi una perzona -
nueva, para la sociedad, y para mi fami-
lia, yo tengo cuatro hijos mas 2 que
estoy criando los cuale dependen de mi-
sustento economico, quiero que Dios -
y usted, meden las ocportunidad de ter
minar de criar ami hijos //a que estan
en una Edad, que le asen mucha faita.
su padres, el mayor cumplio 17 años y el
menor, apenas tiene, 2 años y tres mese
son cuatro embra y dos barrones.
Hoy mi vida as cambiado total mente, como
si a nuestros señor Jesucrito soy un Hombre
te merozo de Dios y Respectuozo de las -
Leye terrenales, Hoy solo seres un Hombre
esimpler, para mi Hogar y el mundo,
ya conosi los inorante que fui al to
mar, ese camino es siubocao, los res -
conosco, y le prometo, que me arepienta
y Jamas, bolberes ahaser ese daño, al
mundo, y ami familia que tanto an sufri-
do, por mi mal desición; Hoy soi un Hombre nue
vo, muchagracia, Jose R. Perdita

## EMMAUS CORRESPONDENCE SCHOOL

# Credit Certificate

### THIS IS TO CERTIFY THAT
### Inocencio Portorreal
has successfully completed
### El Siervo de Dios

This course is worth ½ units of credit towards the Correspondence Certificates of the School awarded upon completion of the required number of units.

Issued at: Warwick, RI

II Timothy 2:15

Date: 1/19/04

Average Grade: 93

*Wesley M. Gardner*
Correspondence School Director

---

## EMMAUS CORRESPONDENCE SCHOOL

# Credit Certificate

### THIS IS TO CERTIFY THAT
### Inocencio Portorreal
has successfully completed
### El Verbo de Dios

This course is worth ½ units of credit towards the Correspondence Certificates of the School awarded upon completion of the required number of units.

Issued at: Warwick, RI

II Timothy 2:15

Date: 3/18/04

Average Grade: 93

*Wesley M. Gardner*
Correspondence School Director

---

## EMMAUS CORRESPONDENCE SCHOOL

# Credit Certificate

### THIS IS TO CERTIFY THAT
### Inocencio Porturreal
has successfully completed
### Nacido para triunfar

This course is worth 1 units of credit towards the Correspondence Certificates of the School awarded upon completion of the required number of units.

Issued at: Warwick, RI

II Timothy 2:15

Date: 11/24/o3

Average Grade: 85

*Wesley M. Gardner*
Correspondence School Director

# Certificate of Completion

## Awarded to

*Ignacio Portocol*

For participation in Substance Abuse Awareness and Anger Management educational groups at the Wyatt Detention Facility.

December 19, 2003

Date

Maria Garrido, Psy.D.
University of Rhode Island

Jean Singleton
Programs Director
Wyatt Detention Facility
Central Falls, Rhode Island

Community College of Rhode Island

Center for the Study of Interpersonal Violence

# CERTIFICATE OF COMPLETION

Program:

"Being a Man and the Violence in Our Lives"



**PRESENTED TO:**   INOCENCIO PORTORREAL

**DATE:**   February 2004

**Wyatt Detention Center**

# Center for the Study of Interpersonal Violence

## Community College of Rhode Island

400 East Avenue
Warwick, RI 02886
401 825-1125
Fax: 401 825-1127

March 26, 2004

To Whom It May Concern
Re: Inocencio Portorreal
Dob: 12-28-54

This is to certify that Inocencio Portorreal has completed the 20-week Interpersonal Violence program at Wyatt Detention Center and has been actively participating in the groups since October 14, 2003.

He was involved in and attentive to the group discussion.

If you require further information or if you have questions, please feel free to contact our program.

Enrique Gonzalez AA, CIT
Group Facilitator



**CORNELL**

**Cornell Companies, Inc.**
People Changing People



December 22, 2004

Bruce Koffsky
1200 Summer St. Suite 201 B
Stamford, CT 06905

**Re: Inocencio Portorreal**

Dear Mr. Koffsky:

Please be advised that Mr. Portorreal was received at the Donald W. Wyatt Detention Facility on July 24, 2003. He is being held for the United States Marshals Service, District of Connecticut.

While housed at this facility Mr. Portorreal has maintained a positive attitude and adjustment. He has not received any discipline reports. Mr. Portorreal has completed an Anger Management and Substance Abuse program. He has also completed an Interpersonal Violence program. Mr. Portorreal is currently participating in the inmate workers program as a kitchen worker, and he attends religious services on a weekly basis.

If you should have any questions feel free to contact my office at (401) 729-1190 extension 163.

Sincerely,

Patrick Toolin
Case Manger